**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| SHALONDA CAMPBELL, <br> ADC #710039 <br>           Plaintiff, <br> vs. <br><br> CARL STOUT, Major, Hawkins Unit, <br> Arkansas Department of Corrections; *et al.,* <br><br>           Defendants. | * <br> * <br> * <br> * <br> *   No. 4:10-cv-01090-SWW-JJV <br> * <br> * <br> * <br> * |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Shalonda Campbell, is incarcerated at the Arkansas Department of Correction (ADC) Hawkins Center for Women, and filed this action *pro se* pursuant to 42 U.S.C. § 1983.

### I.   PLAINTIFF'S COMPLAINT

Plaintiff asserts claims of harassment and retaliation. She alleges, among other things, Defendants cursed her and treated her disrespectfully, illegally screened her mail, and locked her in her cell (Doc. Nos. 2, 3, 18). The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

Following the United States Supreme Court's opinion in *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009), to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to

relief that is plausible on its face." *Id*. at 1950 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  *Id*. at 545-46.

In her Complaint, Plaintiff makes allegations that would ordinarily clear the screening hurdle.  However, in support of her Complaint, she has filed grievances, affidavits, and witness statements that are, without question, forged by Plaintiff.  (Doc. Nos. 4, 11, 13, 14, 21, 23.)  Her forged grievances purport to have been through the administrative process when, clearly, Plaintiff has completed the response portion that states, "THIS SECTION TO BE FILLED OUT BY STAFF ONLY."  Additionally, her forged affidavits and witness statements purport to come from jail officials, including the Assistant Director of the Arkansas Department of Correction, Grant Harris.

In light of her forgeries, the Court finds that Plaintiff fails to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1950.  Given these forged documents, the Court must conclude that her claims are wholly invalid.  Therefore, these claims should be dismissed.

**II.    CONCLUSION**

IT IS THEREFORE RECOMMENDED that:

1.    Plaintiff's Complaint be DISMISSED with prejudice for failure to state a claim upon which § 1983 relief may be granted, and;

2. Dismissal of this action constitute a "strike" for purposes of 28 U.S.C. § 1915(g)[1]; and

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 4th day of November, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." Dismissals pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) are "strikes" for the purpose of § 1915(g), even though they are dismissals without prejudice. *Armentrout v. Tyra*, 175 F.3d 1023 (8th Cir. Feb. 9, 1999) (unpub. table op.) (citing *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462-64 (5th Cir. 1998)).